UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| MICHAEL CHARLES MINTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 1:22-cv-01296 (UNA) |
| (FNU) KREVITS, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application, and for the reasons explained below, will dismiss the complaint without prejudice.

Plaintiff, a resident of Albany, Oregon, sues two officials associated with the Department of Child Services, located in Tacoma, Washington, the state of Washington, and 1-500 unidentified John and/or Jane Does, with "unknown" addresses. As to the latter, however, the Local Rules of this court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint] caption the name and full residence address or official address of each defendant." D.C. LCvR 5.1(c)(1).

Plaintiff alleges that defendants, as parties to a conspiracy against him, orchestrated a plan to kidnap his daughter "from the state of Arizona in approximately 2003" and thereafter engaged in "cyber theft with a computer on a third person as retaliation against [him][,]" by "using electronic devices and computer database systems against [him][.]" He also generally alleges that defendants have engaged in "a systematic pattern of criminal acts[,]" and other wrongdoing, including unspecified fraud, extortion, and slander. He demands a criminal investigation into these

alleged acts, an order releasing him from his state child support obligations and garnishments arising therefrom, and reimbursement for sums previously expended. He also demands $25 million in damages. As to the latter, plaintiff cannot pursue damages against some of these defendants, because the Eleventh Amendment to the U.S. Constitution immunizes a state and its instrumentalities from suit in federal court, unless immunity is waived. Plaintiff has not demonstrated the State of Washington's waiver of immunity from this suit. *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). ("[T]he party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists.") (citation omitted)).

Plaintiff faces yet additional insurmountable hurdles. *First*, the court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. Plaintiff's claims against defendants arise from an alleged broad and wide-ranging conspiracy, and such claims satisfy this standard.

*Second*, plaintiff has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332. At root, plaintiff seeks to challenge state custody and support determinations,

which cannot constitute a federal question, as they must be raised in the relevant local court(s) where the proceedings were initiated. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts). "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation, *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015), and "federal court jurisdiction must affirmatively appear clearly and distinctly." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). More, federal district courts lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

And per the complaint itself, plaintiff does not rely on diversity of citizenship, but regardless it is a "well-established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Furthermore, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). As noted, the citizenship of many of the defendants is unclear. Moreover, there is no connection

between the intended claims and the District of Columbia. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a).

*Third*, insofar as plaintiff seeks a criminal inquiry, "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another," *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Consequently, plaintiff may not initiate criminal proceedings against defendants by filing a complaint with this court. *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (same). Similarly, plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a complaint with the court. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

For all of these reasons, this complaint, ECF No. 1, and this case are dismissed. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Dated: May 27, 2022